IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SCOTT MATTHEW THUM,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-01-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On January 2, 2018, Petitioner Scott Matthew Thum filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thum is a state prisoner proceeding pro se.

**28 U.S.C. § 2254 Petition**

On January 31, 2017, following guilty pleas, the Sixteenth Judicial District, Fallon County, sentenced Mr. Thum for Criminal Endangerment, Driving Under the Influence (felony), and Driving while License is Revoked. (Doc. 1 at 2-3.) Thum received a ten year prison sentence for the Criminal Endangerment, and a 13-month treatment placement followed by a 5-year suspended sentence for the DUI. *Id*. at 3, ¶4. The sentences were ordered to run consecutively.

Thum did not file a direct appeal or seek postconviction relief, but he did apply for relief with the Montana Sentence Review Division. *Id*. at ¶¶ 6, 7, and 9.

1

Thum asserts he "was lead to believe that after Sentence review all I had left was to file a writ of Habeas Corpus." *Id*. at 6.

Thum believes his trial counsel provided ineffective assistance (*id*. at 4, 9), and that the Montana state offense of Criminal Endangerment is an unlawful "catchall law" that was inappropriately applied in Thum's case. *Id*. at 5,10. Thum asks this Court to amend the Criminal Endangerment conviction to Reckless Endangerment of a Highway Worker, and credit him with time served from the date of arrest to the date of his filing in this Court. *Id*. at 7, ¶16.

### a. Analysis

For the reasons discussed below, Thum's petition should be dismissed because the claims he advances relative to his current custody have not yet been exhausted. Dismissal should be without prejudice.

Federal habeas relief may only be granted on the ground that an individual is in custody in violation of the Constitution or laws and treaties of the United States. 28 U.S.C. §2254(a). Further federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available" through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), § 2254(b)(1)(A); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

Even assuming Thum could state a cognizable federal claim at this juncture, Thum's own petition indicates he has not presented any such claim to the state courts of Montana. While Thum has apparently appeared before the Montana Sentence Review Division, that entity is charged with determining whether a state sentence is clearly inadequate or clearly excessive, not deciding issues of constitutional import.

There are still remedies available to Thum under state law, including extraordinary, direct, and collateral review. Because Thum has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice, and Thum may return to this Court if and when he fully exhausts the claims relative to his current

custody in the state courts.

### b. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (quoting *Slack*, 529 U.S. at 484).

Thum has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. Thus, there are no close questions, and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Thum may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Thum must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 8th day of January, 2018.

                                                        _____
                                                        Timothy J. Cavan
                                                        United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.